UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2020
David J. Bradley, Clerk

Ellie Weiser, §
§
 Plaintiff, §
§
versus § Civil Action H-19-3211
§
Conroe Regional Medical Center, §
§
 Defendant. §

# Opinion on Dismissal

1. *Background.*

Ellie Weiser sued the Conroe Regional Medical Center, alleging discrimination under the Americans with Disabilities Act.

The Equal Employment Opportunity Commission sent Weiser her notice of right to sue on May 28, 2019.

Weiser was required to file this lawsuit within 90 days of her receipt of the EEOC letter.[1] She is presumed to have received the letter by May 31, 2019,[2] therefore, she should have filed this case by August 29, 2019.

Instead of filing this case, she filed another – with completely different parties and events – on August 26, 2019.

Upon realizing that she had filed a different case, Weiser moved to amend her complaint to reflect new parties and transactions on November 22, 2019 – almost three months after the deadline.

Conroe Regional moves to dismiss this case as filed late. Weiser says that the amended complaint relates back to her original complaint and is, therefore,

---

[1] 42 U.S.C. § 2000e-5(f)(1).

[2] *See Jenkins v. City of San Antonio Fire Dept.*, 784 F.3d 263, 267 (5th Cir. 2015).

timely. Because the amended complaint does not relate to the original complaint, this case is dismissed as untimely filed.

2. *Relation Back.*

For an amended pleading to relate back to the date of the original, it must "assert[] a claim ... that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."[3]

The events in this case did not arise out of the transaction in the original pleading. The complaints describe distinct events between two completely different parties. The original complaint is for Amy Dickerson's age discrimination claim against MD Anderson; the amended one is for Ellie Weiser's disability discrimination claim against the Conroe Regional Medical Center.

This error is more than misnaming a party; it is having filed an entirely different case. By amending the complaint and saying that it relates back to the original, Weiser attempts to change more than is allowed to evade a jurisdictional statutory limit.

3. *Conclusion.*

Because the amended complaint describing the correct parties and events does not relate back to the original complaint, this case is dismissed as untimely filed.

Signed on March 29, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] FED. R. CIV. P. 15(c)(1)(B), (C).